UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL ELLIS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GARY DEAN, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 24-08213 (JXN) (MAH)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge

This matter comes before the Court upon *pro se* Plaintiff Carol Ellis' ("Plaintiff") unopposed motion for default judgment as to Defendants Gary Dean, Marketspath Publications, LLC, Sentiment Timing, Sentiment Timing Publications, LLC, and Local Digital Marketing, LLC pursuant to Federal Rule of Civil Procedure 55(b)(2) (ECF No. 19), and Defendant Woody Dorsey's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (6) (ECF No. 20); and

**WHEREAS** Plaintiff, proceeding *pro se*, filed this action on August 1, 2024 against Defendants Gary Dean ("Dean"), Defendant Woody Dorsey's ("Dorsey"), Marketspath Publications, LLC ("MPLLC"), Sentiment Timing Publications, LLC ("STLLC"), and Local Digital Marketing, LLC ("LDM") (hereinafter, MPLLC, STLLC, LDM shall collectively be referred to as the "LLC Defendants") for breach of contract, breach of implied contract, breach of fiduciary duty, fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, de facto merger, and punitive damages. (*see generally* Complaint ("Compl."), ECF No. 1.) Dean and the LLC Defendants have not answered, moved, or otherwise responded to the Complaint; and

**WHEREAS** on November 5, 2024, the Clerk of Court entered default against Dean and the LLC Defendants for failure to plead or otherwise defend, pursuant to Federal Rule of Civil

Procedure 55(a), leading Plaintiff to file the instant motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (ECF No. 19);[1] and

**WHEREAS** "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Before entering default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment proper. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); and

**WHEREAS** prior to entering default judgment, the court is first required to determine whether process was properly served on the defendant. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. V. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). "Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue." *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)); and

**WHEREAS** Federal Rule of Civil Procedure 4(e) applies to serving an individual within a judicial district of the United States. Under Rule 4(e)(2), an individual may be served by (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a

---

[1] On February 11, 2025, Dorsey moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6) and L. Civ. R. 7.2. (ECF No. 20.) Plaintiff opposed the motion (ECF No. 27), and Dorsey filed a reply in further support (ECF No. 28).

copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1) also provides that an individual may be served by following state law for service in "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); and

**WHEREAS** here, although Plaintiff filed an Affidavit of Service and the Clerk entered default judgment against Dean and the LLC Defendants, the record does not demonstrate whether service was properly effectuated. First, neither the Complaint nor the Return of Service demonstrates that the South Carolina address is Dean's "dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B). Rather, the Complaint only states that Dean is "currently residing at" the South Carolina address and that "[d]uring the times relevant to this case, he resided at [the New Jersey address]." (Compl. ¶ 2.) Further, while Plaintiff claims that she served Dean and the LLC Defendants by sending each of them individual copies of the summons and complaint via certified mail, return receipt requested, and, simultaneously, by ordinary mail to Gary Dean's South Carolina address on October 9, 2024, (*see* ECF No. 19 ¶ 7), Service by certified and regular mail was not sufficient under Federal Rule of Civil Procedure 4(e)(2), the Court will consider whether it was nevertheless sufficient under New Jersey law or South Carolina law, in accordance with Federal Rule of Civil Procedure 4(e)(1); and

**WHEREAS** New Jersey Rule of Court 4:4-4(a)(1) applies to serving an individual in New Jersey, under 4:4-4(a)(1), an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling with a competent member of the household who is over the age of 14; or (3) delivering a copy of

3

Case 2:24-cv-08213-JXN-MAH    Document 37    Filed 09/30/25    Page 4 of 6 PageID: 1232

each to a person authorized by appointment or law to receive service of process. R. 4:4-4(a)(1).[2] In South Carolina, an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. S.C.R.Civ.P. 4(d)(1). Additionally, under Rule 4(d)(8) of the South Carolina Rules of Civil Procedure, service may be effected via certified mail, return receipt requested, with "service [being] effective upon the date of delivery as shown on the return receipt." S.C.R.Civ.P. 4(d)(8). Service pursuant to 4(d)(8), however, "shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." S.C.R.Civ.P. 4(d)(8); and

**WHEREAS** here, Plaintiff's Affidavit of Service indicates that copies of the summons and complaint were sent to Dean and the LLC Defendants via certified and regular mail. (*See* ECF No. 7; ECF No. 9, Aff. ¶ 7.) However, Plaintiff has failed to demonstrate that service of the summons and Complaint was made by delivery to a statutorily authorized individual as is required by N.J. Ct. R. 4:4-4(a)(1) and S.C.R.Civ.P. 4(d)(1), or that service of such papers was made by certified mail, with a return receipt reflecting the date of delivery, as is required under S.C.R.Civ.P. 4(d)(8), service was insufficient under both New Jersey law and South Carolina law. Because Dean and the LLC Defendants were not properly served, the Court lacks personal jurisdiction over them.[3] Therefore, Plaintiff's motion for default judgment will be denied; and

---

[2] If personal service by this means cannot be effected, then Rule 4:4-4(b)(1)(C) provides an alternate means of service. N.J. Ct. R. 4:4-4(b)(1)(C).

[3] The Court acknowledges that Dean may have actual notice of this lawsuit. (*See* Ellis Aff., ECF No. 7.) It also appears that Plaintiff attempted to serve the Dean and the LLC Defendants with the Summons and Complaint via email. (See ECF No. 7-1 at *33.) The Third Circuit has recognized that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir. 1986) (quoting *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). However, the Third Circuit has also emphasized that "the rules are there to be followed, and

4

**WHEREAS** the Court is not satisfied that it has subject matter jurisdiction under 28 U.S.C. § 1332(a). Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "Verifying the Court's jurisdiction is of particular concern where, as here" the Dean and the LLC Defendants have not appeared or had the opportunity to respond. *See Laborers Int'l Union of N. Am. Loc. No. 199 Welfare, Pension, Apprenticeship & Training, Annuity & Laborers-Emps. Co-op. Educ. Tr. Funds of Delaware, Inc. v. Ramco Sols.*, 2013 WL 4517935, at *2 (D.N.J. Aug. 26, 2013). "[J]urisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront*, 888 F.3d 29 at 34. To demonstrate that a court has subject matter jurisdiction, a plaintiff "must specifically allege each party's citizenship." *Okechuku v. Sharp Mgmt.*, 522 B.R. 762, 765 (D.N.J. 2014). For parties registered as limited liability companies ("LLCs"), a plaintiff must allege the citizenship of each of the LLC members in the complaint so that the court can properly evaluate whether diversity of citizenship exists." *Hill v. Zambrio & Assocs.*, LLC, 2020 WL 113977, at *3 (D.N.J. Jan. 10, 2020) (citing *Zambelli*, 592 F.3d at 420); and

**WHEREAS** Plaintiff's "short and plain" jurisdictional statement alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) "because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of

---

plain requirements for the means of effecting service may not be ignored." *Id.* Here, the relevant provisions of Federal, New Jersey, and South Carolina law require that, where a party has not yet appeared, service of the complaint and a copy of the summons must be made personally, either on the individual themselves, a suitable individual who lives in the defendant's home, or an authorized agent—or under South Carolina law, by certified mail, so long as there is a return receipt showing acceptance by the defendant. Service via regular mail or email is insufficient even where there is actual notice. *See Jackson Hewitt Inc. v. Active Income Taxes, Inc.*, No. 22-02355, 2022 WL 17340726, at *4 (D.N.J. Nov. 30, 2022) (finding that service was improper, notwithstanding the fact that the defendants had notice); *see also Armco, Inc.*, 733 F.2d at 1089 (finding that actual notice is not valid service of process, as "the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored.").

5

different states." (Compl. ¶ 9.) Plaintiff alleges that she is a "resident" of Pennsylvania (Compl. ¶ 1) and that Defendant Dean is "currently residing" in South Carolina; nothing is mentioned about citizenship. "Alleging residency alone is insufficient to plead diversity of citizenship." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012)). Further, Plaintiff's Complaint does not contain any factual allegation regarding the citizenship of Dorsey or of each member of LDM[4] and STLLC, as is required for LLCs. *See Zambelli*, 592 F.3d at 420. While Plaintiff alleges MPLLC and STLLC are the limited liability companies ("LLC") with their principal place of business in New Jersey, and that Dean is their sole owner, the Complaint also alleges to the contrary that Dorsey "owns 20%" of STLLC. (Compl. ¶¶ 3, 5, 41-v; *see also* ECF No. 19 at 2.) As a result, the Court is unable to conclude that it has subject-matter jurisdiction over this matter. Plaintiff's Complaint will be dismissed without prejudice, and she will be granted leave to file an amended complaint that sets forth a proper basis for federal jurisdiction. Defendant Dorsey's motion to dismiss (ECF No. 20) is denied as moot. An appropriate Order follows.

**DATED:** September 30, 2025

JULIEN XAVIER NEALS
United States District Judge

---

[4] For LDM the Complaint alleges that it is a limited liability company whose "original Certificate was filed in Verona, New Jersey." (Compl. ¶ 29.)