**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAROL ELLIS,<br>Plaintiff,<br>v.<br>GARY DEAN, *et al*.,<br>Defendants. | Civil Action No. 24-08213 (JXN)(ADS)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant Woody Dorsey's ("Dorsey") motion to dismiss Plaintiff Carol Ellis' ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure[1] 12(b)(2) and 12(b)(6). (ECF No. 48.)[2] Also before the Court is Plaintiff's motion for default judgment against Defendants Gary Dean, Sentiment Timing Publications, LLC, Marketspath Publications, LLC, and Local Digital Marketing, LLC, pursuant to Federal Rule of Civil Procedure 55(b) (ECF No. 56). The Court has carefully reviewed the Amended Complaint and the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED**, and Dorsey's motion to dismiss is **GRANTED** pursuant to 12(b)(2).

## I. BACKGROUND[3]

### A. Statement of Facts

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Plaintiff opposed the motion (ECF No. 52), and Dorsey replied in further support (ECF No. 54).

[3] For purposes of these motions, the Court accepts as true the well-pleaded factual allegations in Plaintiff's Amended Complaint, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiff Carol Ellis ("Plaintiff"), a Pennsylvania citizen, brings this action against Defendants Gary Dean ("Dean"), a South Carolina citizen[4]; Dorsey, a Vermont citizen; three limited liability companies organized under New Jersey law, Marketspath Publications LLC ("MPLLC"), Sentiment Timing Publications LLC ("STLLC")[5], and Local Digital Marketing LLC ("LDMLLC") (collectively, the "LLC Defendants"), which list Dean as the sole member and registered agent at his residence in the New Jersey Address.[6] (Am. Compl. ¶¶ 1–6, 21.) In Spring 2019, Plaintiff became a paid member of Dean's website, sentimenttiming.com ("ST.COM"), which uses technical analysis to forecast stock market trends, and began following financial advice Dean provided through ST.COM and in personal communications. (*Id.* ¶ 46.)[7] In June 2019, Dean emailed Plaintiff and offered to help manage her stock portfolio, "further establishing a relationship of trust." (*Id.* ¶ 48.) From mid-2019 through late 2020, Plaintiff only traded based on Dean's recommendations. (*Id.* ¶ 51.)[8] Plaintiff claims that the advice she received was speculative,

[4] According to the Amended Complaint, Dean "currently resides" at 5 Gum Tree Road, Apartment H7, Hilton Head Island, South Carolina 29926 (the "South Carolina Address")." (Am Compl. ¶ 2, ECF No. 41.) "During the relevant period, he lived at 32 Westover Road, Verona, New Jersey (the "New Jersey Address"), from where he conducted his business activities. (Id. ¶ 9.) However, Dean testified under oath that he has resided at the South Carolina Address since around 2020, and prior to that, he lived at the New Jersey Address. (*Id.* ¶ 9, citing Ex. 7, Transcript of Preliminary Objections before in *Ellis v. Dean*, No. 2023-C-2581 (Pa. Ct. Com. Pl. Leh. Cty. 2023) ["Tr."], 8:24-9:11, ECF No. 41-3.)

[5] Plaintiff also names Sentiment Timing, an entity allegedly operated by Dean first as a sole proprietorship and later as an "unregistered" general partnership with Dorsey, as a defendant in the Amended Complaint. (Am. Compl. ¶¶ 1–6, 20-21.) However, because Plaintiff alleges that Sentiment Timing was eventually reconstituted as STLLC, as such, for purposes of this Opinion, the Court will treat Sentiment Timing and STLLC as one and the same. (*Id.* ¶¶ 5, 20, 24–25.)

[6] The Amended Complaint states that "[a]ccording to DORES records, all of Dean's LLCs were solely owned and operated by Gary Dean, … but at the hearing, when asked who owns STLLC, Dean replied, 'I own 80% of it and my partner, Woody Dorsey owns 20%.'" (*Id.* ¶ 75, citing Tr. 11:7-9.) Thus, Plaintiff contends that Dean is the sole member of MPLLC and LDM, while Dean and Dorsey are members of the third, STLLC. (*Id.* ¶¶ 4, 6, 11, 17, 19, 21.)

[7] The Amended Complaint states that Dorsey co-founded ST.COM and played an active role in the company. (*Id.* ¶ 25.) The company's website promoted Dorsey's photograph, trading expertise, and reputation among clients, financial institutions, and the national media. (*Id.* ¶ 28.) Dorsey also provided original analytical content for paid members, including participation in Q&A sessions in which Dorsey directly responded to a question from Plaintiff. (*Id.* ¶¶ 30–31.)

[8] Plaintiff's husband, James Ellis, was a joint holder of certain Fidelity investment accounts, but Plaintiff maintains that she had full trading authority and was the sole person executing trades in those accounts. (*Id.* ¶ 53.)

"contrary to sound investment principles," and conflicted with her financial interests, and she suffered severe financial losses as a result. (*Id.* ¶¶ 50, 51.)

On October 15, 2019, Plaintiff entered into a profit-sharing loan agreement with Dean via email (the "Agreement"), which required a $20,000 investment in Dean's email marketing business. (*Id.* ¶ 42.) Plaintiff wired her $20,000 investment to MPLLC's Lakeland Bank account in New Jersey, as Dean instructed. (*Id.* ¶ 84.) The Agreement provided that in return for her investment, Plaintiff would be entitled to monthly loan repayments of $4,000 starting December 18, 2019, and a 20% profit-sharing from the business, with projected monthly profits between $20,000 and $45,000. (*Id.*) At the time, Plaintiff believed that she was investing in a new business owned and operated solely by Dean. (*Id.* ¶ 85.) Dean failed to disclose that her investment would be deposited into an existing company, MPLLC, or that his operations were intertwined with other entities or a partnership. (*Id.*)

Plaintiff claims that she did not receive any payments from Dean toward either the loan or profit-share obligations until January 2021, more than thirteen months after the first $4,000 installment was due on December 18, 2019. (*Id.*) From January 11, 2021, through September 21, 2021, Dean made six payments totaling $7,300 from his personal Venmo account; he made no other payments. (*Id.* at 22.) Plaintiff alleges that Dean falsely induced her to enter the Agreement, commingled her investment with the assets of his other businesses,[9] and concealed records. (*Id.* ¶ 42.)[10]

---

[9] Plaintiff alleges that Dean commingled assets among MPLLC and STLLC. (*Id.* ¶¶ 64, 74, 76.)

[10] Plaintiff claims that the LLC Defendants are "a tangled web of LLCs and dot coms operated for profit," which "had no separate existence from [] Dean, who exercised complete control over their finances and operations." (*Id.* ¶ 54.)

### B. Procedural History

Plaintiff, proceeding *pro se*, filed this action on August 1, 2024,[11] against Dean, the LLC Defendants, and Dorsey[12] (collectively "Defendants"). (*See generally* Compl., ECF No. 1.) On November 5, 2024, upon Plaintiff's request, the Clerk entered default as to Dean and the LLC Defendants, pursuant to Rule 55(a) for failure to appear. Thereafter, Plaintiff filed its first motion for default judgment (ECF No. 19), and Dorsey moved to dismiss Plaintiff's Complaint (ECF No. 20). On September 30, 2025, the Court dismissed the Complaint without prejudice, citing Plaintiff's failure to effectuate proper service and lack of subject matter jurisdiction. (*See* Mem. Op., ECF No. 37, and Order, ECF No. 38.) Plaintiff was granted leave to file an amended complaint establishing a proper basis for federal jurisdiction. (Order 2.)

Plaintiff filed an Amended Complaint on October 23, 2025. (*See* Am. Compl.) The Amended Complaint names Dorsey, formerly a nominal defendant, as a "real defendant" and seeks to hold him jointly and severally liable for the contractual obligations arising from the Agreement. (*Id*. ¶¶ 41, 43.) The Amended Complaint asserts claims for: breach of fiduciary duty (Count I); breach of contract (Count II); breach of implied contract (Count III); fraudulent inducement (Count IV); fraudulent misrepresentation (Count V); negligent misrepresentation (Count VI); de facto merger (Count VII); and punitive damages (Count VIII). (*Id*. at 25-35.) Plaintiff seeks injunctive relief as well as compensatory damages of $800,000; liquidated contract damages of $348,740 as of October 18, 2025, plus $5,590 per month thereafter until entry of judgment, together with prejudgment interest; liquidated fiduciary damages of $801,156; punitive damages; and costs. (*Id*.

[11] Before filing this action, Plaintiff filed a complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, based on the same underlying events at issue here. (*Id*. ¶ 36.) *See Ellis v. Dean*, No. 2023-C-2581 (Pa. Ct. Com. Pl. Leh. Cty. 2023). Dorsey was not named in that complaint. (*Id*.) Pennsylvania state court ultimately dismissed the case for lack of jurisdiction on February 29, 2024. (*Id*.)

[12] Dorsey was named as a "nominal defendant" in the original Complaint. (*See* Compl. ¶ 7.)

at 35–36.) Plaintiff also asks this Court to grant post-judgment discovery, accounting, and enforcement, including turnover, charging orders, and other remedies available under New Jersey law, until full satisfaction of judgment; appoint a limited receiver to identify and collect revenues, profits, or distributions of STLLC or its successor entities, and to ensure fair application of those funds toward the judgment. (*Id*. at 36.)

On November 9, 2025, Plaintiff filed an "Affidavit of Diligent Inquiry" outlining the efforts she undertook before serving Dean and the LLC Defendants with copies of the Summons and the original Complaint, and later the Amended Complaint, by mail. (Pl.'s Aff., ECF No. 46.)[13] On November 11, 2025, Plaintiff filed a declaration to establish proof of service in which she declares

[13] In the Affidavit, Plaintiff states that before attempting to serve the summons and original Complaint by mail, she hired a process server, Rick McElroy, who made six unsuccessful attempts between October 2 and 6, 2024, to personally serve Dean and the LLC Defendants at the South Carolina Address. (*Id*. ¶ 8; *see also* Ex. E, ECF No. 46-2.) Therefore, on October 9, 2024, Plaintiff served the original summons and original Complaint on "each Listed Defendant" by sending copies addressed to Dean at the South Carolina Address via certified and regular mail. (*Id*. ¶ 6.) Plaintiff also sent waivers of service with copies of the summons and original Complaint to Dean's home at the South Carolina Address (Pl.'s Aff. ¶ 4; *see also* ECF No. 7 ¶ 8, Ex. E, ECF No. 7–1), and emailed copies of the summons and original Complaint to gary@sentimenttiming.com, "the same [email] address Dean used to correspond with Plaintiff during the operative period" (Pl.'s Aff. ¶ 10; *see also* ECF No. 7 ¶ 8, Ex. F, ECF No. 7–1). Plaintiff further states that she served the Amended Complaint on Dean and the Entity Defendants by sending individual copies addressed to Dean at the South Carolina Address via certified mail and simultaneously via regular mail. (*Id*. ¶ 12.) Plaintiff also claims that on November 3, 2025, she mailed a letter to Dean at the New Jersey Address to confirm non-residency, and it was returned on November 6, 2025, due to an invalid forwarding order. (*Id*. ¶ 15(e).) After attempting to serve the Amended Complaint by mail, Plaintiff confirmed Dean's address through the property manager of Dean's homeowners' association in South Carolina, who affirmed that the same occupant that resided at this address in October 2023, was still residing there in October 2025 (Pl.'s Aff. ¶ 15(b), Ex. D *19, ECF No. 46–1); and sent certified and regular mail to Dean's New Jersey Address "to confirm non-residency" with that mailing being returned with the notation "Forward Expired" (*id*. ¶ 15(e), Ex. K *14-15, ECF No. 46-3).

that on October 27, 2025, she served individual copies of the Amended Complaint on Dean and the LLC Defendants as follows:

> 1. On October 27, 2025, I served individual copies of the Amended Complaint on the following Defendants: (a) Gary Dean, (b) Marketspath Publications LLC, (c) Sentiment Timing Publications LLC, and (d) Local Digital Marketing LLC.
> 2. I placed one separate envelope for each Defendant into the United States Mail addressed to: 5 Gum Tree Road, Apt. H7, Hilton Head Island, South Carolina 29926.
> 3. Each envelope was sent by Certified Mail and simultaneously by Regular Mail.
> 4. USPS Tracking confirms the Regular Mail envelopes were delivered on October 30, 2025. Exhibit 2, pp. 1-4.
> 5. USPS Tracking printed on November 11, 2025, confirms that delivery of Certified Mail envelopes was attempted on October 30, 2025, and again on November 4, 2025, and notices were left but the recipient was unavailable and has not picked up the mail. Exhibit, pp. 1-5.
> 6. USPS receipts and tracking information evidencing service of the Original Summons and Complaint are included with Exhibits E-G to my previously filed Affidavit of Diligent Inquiry.

(Pl.'s Decl. ¶¶ 1–6, ECF No. 44.) On November 28, 2025, Plaintiff filed a "Supplement to Certificate of Service" to clarify that service upon Dean and the LLC Defendants was effectuated pursuant to Rule 4(e)(1) and in accordance with N.J. Ct. R. 4:4-4(b)(1)(C). (Pl.'s Cert., ECF No. 49.) Dean and the LLC Defendants have not pled or otherwise defended themselves, and no appearances have been made on their behalf. Upon Plaintiff's renewed request,[14] the Clerk entered default as to Dean and the LLC Defendants on December 3, 2025. (ECF No. 50.)

On November 30, 2025, Dorsey filed a second motion to dismiss for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and (6). (*See* Dorsey's Mot., ECF No. 48.) Plaintiff opposed the motion (Pl.'s Opp'n, ECF No. 52) and Dorsey replied in further

[14] Plaintiff filed an earlier request for Clerk's entry of default on November 21, 2025 (ECF No. 47), which was denied for failure to comply with Rule 4. Plaintiff renewed her request for entry of default against Dean and the LLC Defendants on December 3, 2025. (ECF No. 50.)

support (Dorsey's Reply, ECF No. 54). On January 23, 2026, Plaintiff filed her second motion for default judgment against Dean and the LLC Defendants pursuant to Rule 55(b)(2). (Pl.'s Mot., ECF No. 56.) This matter is now ripe for the Court's consideration.

## II. LEGAL STANDARD

### A. Rule 55 – Default Judgment

Rule 55 authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V. I. Bd. of Tax Rev*., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp*., 732 F.2d 1178, 1180 (3d Cir. 1984) (citation omitted). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp*., No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). First, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co*., 756 F.2d 14, 19 (3d Cir. 1985). Second, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing

*Corbin*, 908 F.2d at 1149). Third, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### B. Rule 12(b)(2) – Lack of Personal Jurisdiction[15]

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citation modified).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "A Rule 12(b)(2) motion ... is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Patterson*, 893 F.2d at 603 (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its

[15] Because this Court does not reach the merits of the motion to dismiss for failure to state a claim, the Rule 12(b)(6) standard is omitted.

burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04 (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9).

## III. DISCUSSION

Defendant Dorsey moved to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and (6), arguing that this Court lacks personal jurisdiction over him and that Plaintiff has failed to state a claim. (*See generally* Dorsey's Mot.) Separately, Plaintiff renewed her motion for default judgment against Dean and the LLC Defendants pursuant to Rule 55(b)(2). (*See* Pl.'s Mot.) Before addressing the merits of either motion, the Court must first resolve the threshold issues of whether it has subject matter and personal jurisdiction over Defendants. *See Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

### A. Subject Matter Jurisdiction

The Court first addresses subject-matter jurisdiction. Plaintiff is a citizen of Pennsylvania (Am. Compl. ¶ 9), Dean is a citizen of South Carolina, and Dorsey is a citizen of Vermont (*id.* ¶¶ 2, 3). For purposes of diversity jurisdiction, a limited liability company assumes the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418–20 (3d Cir. 2010). Because Dean is the sole member of MPLLC and LDMLLC (*id.* ¶¶ 4, 21), those entities are citizens of South Carolina; because Dean and Dorsey are the members of STLLC (*id.* ¶ 6), that entity is a citizen of South Carolina and Vermont. Further, no defendant shares Plaintiff's Pennsylvania citizenship; complete diversity exists, and the amount in controversy exceeds $75,000 (*see id.* at 35). Accordingly, this action is properly within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**B. Personal Jurisdiction**

As discussed below, the Court finds that it lacks personal jurisdiction over each Defendant. Accordingly, Dorsey's motion to dismiss Plaintiff's Amended Complaint will be granted pursuant to Rule 12(b)(2), and Plaintiff's renewed motion for default judgment against Dean and the LLC Defendants pursuant to Rule 55(b)(2) will be denied for failure to effect proper service.

***1. Dorsey's Motion to Dismiss***

Dorsey moves to dismiss Plaintiff's Amended Complaint pursuant to 12(b)(2) and (6). (*See* Dorsey's Mot.) Dorsey argues that the Amended Complaint not only fails to allege sufficient contacts with New Jersey for personal jurisdiction but also fails to allege any claim against him. (*Id*. at *2.) Dorsey contends that Plaintiff's sole purpose in naming him in the Amended Complaint is to attempt "collection" from the LLC Defendants. (*Id*.)

In opposition, Plaintiff asserts that she has alleged "contract-based liability against Dorsey as a partner in [Sentiment Timing] at the time of the investment." (Pl.'s Opp'n 3.) Plaintiff further asserts that while she did not bring fraud-based claims against Dorsey, "[he] is properly named as a defendant to ensure enforcement of partnership obligations and to prevent evasion of liability through entity manipulation." (*Id*.)

The Court first addresses the threshold question of whether it has personal jurisdiction over Dorsey. Plaintiff does not dispute that this Court lacks general jurisdiction over Dorsey. (*See id*. at 6–8.) Accordingly, the Court addresses only whether it has specific jurisdiction over Dorsey, which Plaintiff bears the burden to demonstrate. *Dayhoff Inc. v. H.J. Heinz Co*., 86 F.3d 1287, 1302 (3d Cir. 1996).

Specific jurisdiction requires that: "(1) the plaintiff must demonstrate that the defendant purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at

least one of those activities; and (3) if the first two requirements are satisfied, a court may consider whether the exercise of jurisdiction otherwise "comports with fair play and substantial justice." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J. 2021) (quoting *Celgene Corp. v. Distinct Pharma*, No. 17-5303, 2019 WL 1220320, at *2 (D.N.J. Mar. 13, 2019)).

To satisfy the purposeful availment requirement, actions must be deliberate and not isolated or random. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). Pertinent here, an LLC's subject-matter jurisdiction in a particular forum does not necessarily establish that its officers, members, and principals are subject to that same jurisdiction. *Nash v. Near North America, Inc.*, No. 24-6623, 2025 WL 2945551, at *2 (D.N.J. Oct. 17, 2025). The jurisdictional inquiry must focus on the contacts that defendant has with the forum, not anyone else related to the matter. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). When assessing internet-based contacts, courts must assess whether there was purposeful interaction with the forum; the mere availability of a defendant's internet activity in the forum is insufficient. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) ("there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts"); *Machulsky v. Hall*, 210 F.Supp.2d 531, 538 (D.N.J. July 9, 2002) ("In analyzing a defendant's minimum contacts, the court must assess the nature and quality of a defendant's internet activity").

Here, the Amended Complaint contains no allegation that Dorsey specifically targeted New Jersey. Rather, Plaintiff alleges that Dorsey co-owned Sentiment Timing and related businesses (STLLC and ST.COM) with Dean, shared in their profits, and actively participated in their

operations by providing content for financial newsletters and member Q&A sessions.[16] (Am. Compl. ¶¶ 3, 5, 6, 18, 20, 24–27.) The Amended Complaint further states that Dorsey's information was used to market its services to potential subscribers; that he contributed original analysis to paid members; and that he collaborated with Dean, who operated from New Jersey. (*Id.* ¶¶ 30, 31, 32.) Even if accepted as true, these allegations do not satisfy the requirements for specific personal jurisdiction in New Jersey.

Specifically, the Amended Complaint lacks sufficient facts regarding Dorsey's individual contact with the forum State. Dorsey's alleged involvement in providing content for Sentiment Timing's online financial newsletter and in answering questions during an online Q&A session, including a question Plaintiff asked while she was in Pennsylvania, is not systematic or purposeful enough to satisfy the purposeful availment requirement for specific jurisdiction. *See Am. Guarantee & Liab. Ins. Co. v. GetFPV LLC*, No. 24-8922, 2025 WL 1097498, at *5 (D.N.J. Apr. 14, 2025) ("Notably, the "mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world."); *Lozinski v. Black Bear Lodge, LLC*, No. 16-7963, 2017 WL 1380416, at *1 (D.N.J. Apr. 10, 2017) (holding that the defendant resort did not purposefully direct activities toward New Jersey by operating its website or contracting with the plaintiffs). "Rather, there must be evidence that the defendant purposefully availed itself of conducting activity in the forum state, by directly targeting its website to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Am. Guarantee & Liab. Ins. Co.*, 2025 WL 1097498, at *5 (quoting *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 80 (3d Cir. 2015) (internal quotations and citation omitted).

[16] The Amended Complaint cites an example in which Plaintiff asked a question and Dorsey responded directly. (*Id.* ¶ 30.)

Moreover, to the extent Plaintiff attempts to rely on Dean's activities to establish jurisdiction over Dorsey as an individual, such attempt fails. *See, e.g.*, *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003) ("It is axiomatic that 'jurisdiction over ... [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in' a particular forum." (alterations in original) (quoting *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000)). Ultimately, the allegations in the Amended Complaint do not show that Dorsey intended his activities to target New Jersey. As such, the Court finds it lacks specific personal jurisdiction over Dorsey, and Dorsey's motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction is **GRANTED**.

Because the Court concludes that it lacks personal jurisdiction over Dorsey, it does not reach Dorsey's alternative arguments for dismissal under Rule 12(b)(6).

### *2. Plaintiff's Motion for Default Judgment*

Plaintiff moves for default judgment against Dean and the LLC Defendants pursuant to Rule 55(b)(2). (*See generally* Pl.'s Mot.) According to the Amended Complaint, Dean has lived at the South Carolina Address since approximately 2020, from which he operates his businesses. (Am. Compl. ¶ 16; *see also* Tr. 8:23–9:5, 16:7–17:3.) Plaintiff personally mailed copies of the Amended Complaint by certified and regular mail to the South Carolina Address, purportedly serving Dean and the LLC Defendants through Dean, as their registered agent. (Pl.'s Mot. 4–6; *see also* Pl.'s Aff.; Pl.'s Decl.; Pl.'s Cert.)

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Maretz v. Grabato*, No. 22-4045, 2023 WL 3098486, at *1 (D.N.J. Apr. 26, 2023) (quoting *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-0624,

2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011)). Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir.1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."); *see also Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Plaintiff bears the burden of proving sufficient service of process. *See Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir.1993).

As an initial matter, the Court must determine whether Rule 4 or Rule 5 applies to service of the Amended Complaint. Rule 4 applies when a complaint is originally filed, and it provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 515 (3d Cir. 1988). Local Civil Rule 5.1(a) provides that "[s]ervice of all papers other than the initial summons and complaint shall be made in the manner specified in [Rule 5(b)]." Rule 5, however, only applies to an amended complaint when the defendant was properly served with the initial summons and complaint under Rule 4. *Cutchins v. Lowe's Companies, Inc.,* No. 23-355, 2025 WL 360577, at *2 (D.N.J. Jan. 28, 2025) (quoting *Fontanez v. Hicks*, No. 20-20286, 2021 WL 1608902, at *4 (D.N.J. Apr. 23, 2021) (finding that Local Civil Rule 5.1(a) did not apply where certain defendants had "not been served with the original [c]omplaint")); *cf. Freedom Med., Inc. v. Hall*, No. 06-3195, 2012 WL 13005482, at *1 (E.D. Pa. Sept. 21, 2012) ("Rule 5 controls service of an amended complaint, at least when, as is the case here, the defendants to be served were named in a prior complaint and were properly served with that prior complaint under Rule 4.")

Here, the Court notes that it previously determined that service of the original summons and Complaint was deficient (*see generally* Mem. Op. 3–5); accordingly, Dean and the LLC Defendants were never properly served. Plaintiff remained obligated to effect service of process of the Amended Complaint in accordance with Rule 4. *See Cutchins*, 2025 WL 360577, at *3 (finding that Rule 4 governed service of the Amended Complaint because Plaintiff failed to properly serve Defendant with the initial summons and Original Complaint). The record shows that Plaintiff requested that the Clerk issue a new summons solely for Dorsey upon filing the Amended Complaint. (*See* Cover & Summons Req., ECF No. 41-1.) Additionally, the proofs of service filed by Plaintiff show that she attempted to serve Dean and the LLC Defendants by personally mailing copies of the Amended Complaint through both certified and regular mail. (*See* Pl's Aff. ¶¶ 3, 12; Pl.'s Decl. ¶ 1.)

Service of process in cases filed in federal court is governed by Rule 4. Rule 4 states that an individual may be served in a judicial district of the United States by following state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). The party asserting the validity of the purported service bears the burden of proving such service was proper. *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121-22 (3d Cir. 2018) (quoting *Grand Entm't Grp., Ltd.,* 988 F.2d at 488). Because this Court sits in New Jersey, New Jersey state law also applies.[17] However, in this matter, regardless of whether service by mail were otherwise appropriate, Plaintiff's mailing of the Amended Complaint, standing alone, failed to satisfy Rule 4(c), which provides that "[a] *summons* must be served with a copy of the complaint"

[17] Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed, R. Civ. P. 4(e)(1). Rule 4(h) states that a corporation must be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. (4)(h)(1)(A)-(B).

and places upon the plaintiff the responsibility for having both documents properly served. Fed. R. Civ. P. 4(c)(1) (emphasis added); *see Cutchins,* 2024 WL 5146885, at *3 (citing *Dominic*, 841 F.2d at 515; *Apexco PPSI, LLC v. De Herdt*, No. 19-5989, 2021 WL 1649895, at *1 (E.D. Pa. Apr. 27, 2021) (stating that the plaintiff bears the responsibility to ensure compliance with Rule 4(c)(1)).). Here, nothing in the record before this Court shows that Plaintiff ever served a copy of *the summons* on Dean and the LLC Defendants. (*See generally* Pl.'s Mot.; Pl's Aff.; Pl.'s Decl.; Pl.'s Cert.)[18] Accordingly, Plaintiff has not satisfied the procedural requirements for service of process under Rule 4.

The Court next addresses the procedural rules governing service in New Jersey, the forum state, and in South Carolina, the state where service was attempted, each of which similarly requires service of the summons.

i. Service Pursuant to N.J. Ct. R. 4:4

In New Jersey, the primary method of obtaining in personam jurisdiction over a defendant is serving the summons and complaint on the defendant personally within the State, pursuant to R. 4:4–3. *See* N.J. Ct. R. 4:4–4(a).[19] However, "in *personam jurisdiction* may be obtained by mail

[18] The Court also notes that even if Plaintiff's mailings had included a copy of the summons, they would still be procedurally improper because she attempted to effect service by mailing copies of the Amended Complaint to Dean and the LLC Defendants herself. (*See* Pl.'s Decl. ¶¶ 1–2; Pl.'s Aff. ¶ 12; Pl.'s Cert.) Rule 4(c)(2) provides that a summons and complaint may be served by "any person who is at least 18 years old and not a party [to the action]." Fed. R. Civ. P. 4(c)(2). Because Plaintiff is a party to this litigation, her mailing the Amended Complaint does not satisfy service requirements. *See Touray v. Middlesex Cnty*., 139 F. App'x 428, 430 (3d Cir. 2005) (finding that service of process was not satisfied when a plaintiff was "identified as the server on the return receipt submitted to the [d]istrict [c]ourt"); *accord Cutchins*, 2024 WL 5146885, at *3. Accordingly, Plaintiff's service of process is also deficient under Rule 4(c)(2).

[19] Under 4:4-4(a)(1), an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling with a competent member of the household who is over the age of 14; or (3) delivering a copy of each to a person authorized by appointment or law to receive service of process. N.J. Ct. R. 4:4-4(a)(1). Further, service upon a domestic corporation may be performed by personal service upon "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof…" N.J. Ct. R. 4:4-4(a)(6).

under the circumstances and in the manner provided by R. 4:4-3." N.J. Ct. R. 4:4-4(a); *see also* N.J. Ct. R. 4:4-4(b)(1) (permitting mailed service "[i]f it appears by affidavit ... that despite diligent effort and inquiry personal service cannot be made"), (c) (authorizing service "made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining *in personam* jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto"). New Jersey law permits service by mail under certain circumstances, but it also requires mailing both the *summons* and the complaint. *See* N.J. Ct. R. 4:4-4(b)(1)(C) (emphasis added). Here, because only the Amended Complaint was mailed without the summons, service was ineffective under New Jersey law.

ii. Service Pursuant to S.C. R. Civ. P. 4

Under Rule 4(d)(8) of the South Carolina Rules of Civil Procedure, service may be effected via certified mail, return receipt requested, with "service [being] effective upon the date of delivery as shown on the return receipt," and delivery is restricted to the addressee. S.C. R. Civ. P. 4(d)(8).[20] Service pursuant to 4(d)(8), however, "shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." *Id*. The Rule expressly requires service of both the summons and the complaint. *Id*. Accordingly, Plaintiff's attempt to serve process is procedurally improper under South Carolina law.

Ultimately, the Court finds that, regardless of which State's service procedures Plaintiff invokes, her attempt to effect service on Dean and the LLC Defendants by personally mailing

[20] In South Carolina, an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. S.C. R. Civ. P. 4(d)(1). A corporation may be served "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." S.C. R. Civ. P. 4(d)(3).

copies of the Amended Complaint without an accompanying summons failed to comply with the plain requirements for effective service of process. Plaintiff's *pro se* status does not excuse her from complying with the Rules governing service of process. *See Dodson v. King*, No. 23-3344, 2024 WL 4025863, at *1 (D.N.J. Aug. 30, 2024). Further, because Dean and the LLC Defendants were not properly served, the Court lacks personal jurisdiction over them. Accordingly, Plaintiff's motion for default judgment is **DENIED**. *See Grand Entm't Grp.*, 988 F.2d at 488; *Zurich Am. Ins. Co. v. Big Green Grp., LLC*, 2020 WL 563663, at *4 (D.N.J. Feb. 5, 2020) (doubts over proper service weigh against entry of a default judgment); *see also Gold Kist, Inc.,* 756 F.2d at 19 ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside.").

Finally, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *see also* Fed. R. Civ. P. 4(m). Courts are "reluctant to dismiss an action" when a plaintiff acts in good faith but fails to effect proper service. *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013); *see also Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (noting that courts will grant additional time to a plaintiff who acts in good faith to properly serve a defendant despite prior failure to effect proper service of process). Although Plaintiff's pro se status does not shield her from dismissal, the Court is mindful of Plaintiff's efforts to serve Dean and the LLC Defendants, which appear to have been made in good faith. *See Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 605 (D.N.J. 2003). Practicality and judicial economy are best served by permitting Plaintiff to prosecute this action rather than by outright dismissal of the Amended Complaint. *Id*. Accordingly, the Court will exercise its discretion and grant Plaintiff an additional

45-day extension to properly serve the summons and Amended Complaint on Dean and the LLC Defendants. However, Plaintiff must review the Federal Rules of Civil Procedure and applicable state court rules before attempting to serve Dean and the LLC Defendants. If service cannot be made by the end of the 45-day period despite Plaintiff's diligent efforts, Plaintiff shall file the appropriate application before the Magistrate Judge for permission to effect substituted or constructive service.

iii. The Clerk's Entry of Default is Vacated

District courts have authority to *sua sponte* vacate a Clerk's entry of default under Rule 55(c) for good cause. To vacate entry of default by the Clerk, courts consider: (1) whether the defendant has a meritorious defense; (2) whether there is prejudice to the plaintiff; and (3) the culpability of the defendant. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "[T]he decision to vacate a default judgment is left to the sound discretion of the trial court." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 138 (3d Cir. 2017) (cleaned up); *see also Lewis v. Vestberg*, No. 23-0102, 2024 WL 866349, at *2 (D.N.J. Feb. 29, 2024); *Hadden v. Lorman,* No. 22-1600, 2025 WL 984574, at *3 (D.N.J. Apr. 2, 2025) (considering three requisite factors for vacating a Clerk's entry of default).

Under the first factor, Plaintiff will not be prejudiced because the Court will afford Plaintiff an additional 45-day period to effect service on Dean and the LLC Defendants. Under the second factor, it is unknown whether Defendants have a meritorious defense because they have not been served or responded to the Amended Complaint. Under the third factor, Dean and the LLC Defendants are not culpable for failing to respond because they appear never to have received the summons and Amended Complaint. The Court therefore finds good cause to vacate the Clerk's entry of default.

## IV. CONCLUSION

For the foregoing reasons, Dorsey's motion to dismiss (ECF No. 48) is **GRANTED** pursuant to Rule 12(b)(2), and Plaintiff's motion for default judgment (ECF No. 56) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED: 9/25/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**